William W. Pulos, Esq. Town Attorney, Alfred
You have asked whether a resident of the area of a town outside of any incorporated villages may serve simultaneously as the chairman of a planning board of a village located wholly within the town and as a member of the town zoning board of appeals. As we discussed by telephone, it is inappropriate for us to answer your second question, since it relates to a village office and we would need a request from the attorney for the affected village.
In order to be eligible for local public office, it is necessary to meet the residency and other qualifications for holding office. Residency in the local government is required in order to qualify for a town or village office (Public Officers Law, § 3; Village Law, §3-300[2]). However, in the case of an appointive village office, the board of trustees may provide that the officer may reside within a county in which the village is wholly or partially situated (id., § 3-300[2][a]). If the broader residency is permitted, a person living in the area of the town outside of the village could meet the residency requirements for these two offices. Assuming that the individual seeking to hold the two offices qualifies, it is necessary to determine whether the two offices are compatible.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
We see no basis for concluding that these two offices are incompatible. The zoning functions of a town and of a village located within the town are separate and distinct (Town Law, § 261). Zoning regulations of a town apply to and affect only that part of the town located outside the limits of any incorporated village or city (ibid.). Therefore, we see no basis for concluding that the functions and duties of the two offices are inconsistent or that one is subordinate to the other. The two offices would not interact in any way.
We conclude that the offices of member of a town zoning board of appeals and member of a planning board of a village located within the town are not incompatible. The individual seeking to hold these positions must meet the residency requirements for the offices.